District Judge from the Eastern District of Michigan. We thank you for helping us out with our docket. And secondly, we request each appellant indicate how much time he or she would like for rebuttal. Would the clerk call the first case, please? Case number 14-6125, Tracy Eiswert, et al. v. United States District Judge. Order of argument is 15 minutes per side. Good morning, Your Honors. Benjamin Gastel on behalf of the appellant, the surviving family of Scott Eiswert, a combat service veteran of the United States Armed Services who tragically took his own life on May 16, 2008, following a two and a half year battle with PTSD. We're here today to request that the Court of Appeals overturn the September 30, 2013, decision from the Eastern District of Tennessee dismissing plaintiff's claims with prejudice for a purported failure to strictly follow the requirements of the Tennessee Healthcare Liability Act. Mr. Eiswert's surviving family brought medical negligence claims against the United States government for its failure to timely diagnose and treat Mr. Eiswert's service-related PTSD. We believe that the Eastern District of Tennessee's decision should be overturned for two reasons. First, that the court misapplied the holding in the Tennessee Supreme Court case of Myers v. Anisub in October 2012 opinion from that court. Second, we believe that the court misapplied the holding of the United States Supreme Court in Shady Grove v. Hanna when it did not permit plaintiff to amend its complaint to cure any purported technical defects with the Tennessee Healthcare Liability Act or for applying that statute in cases pending in federal court. The Myers decision was a bit of a watershed moment in Tennessee Healthcare Liability Act law, which I'll give a quick background is the law that governs medical negligence claims in the state of Tennessee. Specifically, Tennessee Code Annotated 2926.122 requires a plaintiff who is asserting claims for medical negligence file with its complaint a certificate that it consulted with an expert and that the expert passed on the merits of plaintiff's subsidy. You did not file such a certificate or your side did not file such a certificate, right? Your Honor, we filed in lieu of filing the certificate that we obtained the expert statement, we filed the actual expert statement contemplated by Tennessee Code 2926.122. Is there anything in the certificate of good faith that is different than what is in the expert report? The certificate of good faith principally differentiates from the expert report that we filed and that it does not address the number of times that the person offering the expert or the certificate had violated Tennessee Code 2926.122, which is a specific enumerated provision in Tennessee 2926.122, I believe it's subsection B. Right, and there's this recent case, this Davis case that addresses that, but I thought the certificate of good faith required certain statements on the part of the lawyer that there was an expert who qualified, who was competent to testify and so forth, that might not be in expert reports. Well, I think that that is the open question that this Court is here to decide today. I think that the Myers decision, which held that plaintiffs must strictly comply with Tennessee Code 2926.122, specifically left open the question that Your Honor just asked, which is whether or not the content of the notice and certificate of good faith requirements of Tennessee Code 2926.122 have to be strictly satisfied. Well, what do you think strict compliance means, counsel? It has to have some meaning, does it not? Certainly within the Myers decision, I would say that it strictly requires you on some level to consult with an expert prior to filing your complaint and have your complaint... Those are unusual words, strict compliance, right? It's not found in all statutes or not applicable to all statutes. Sure. When it is, and you agree that it does, 122 requires strict compliance, do you agree with that? Well, the Myers decision holds that plaintiff, again, must strictly comply with 122, but it specifically leaves open whether or not the content of the certificate has to strictly comply with the exact language in the statute. Okay. And that, I think... So what do you think needed strict compliance, if not that? Again, I think that you have to strictly comply with consulting with an expert prior to filing suit and that your complaint has to contain some evidence there. So it's a different kind of compliance than strict, I would suggest, that you have in mind. Certainly with regard to the content of what the proof within your complaint looks like. And I think that that is expressly held open by the court in Myers. But subsequently answered by the court in Thurman and Stevens, where the court expressly decided that strict compliance with the content requirements of at least the notice provision is not required. Now the court, the Tennessee Supreme Court, has not addressed the specific issue of strict compliance with the content requirements of section 122. But it did recently, in the opinion that Judge Moore was just referencing, certainly tacitly endorse that strict compliance with the content requirements is not necessary. In its Davis holding, where it held that if a person offering the certificate does not have any prior violations of the statute, that it need not disclose the number of prior violations in its certificate. I think that that holding is particularly dispositive of the issue before this court this morning, seeing that the expert report that the plaintiffs in fact filed with their complaint had all the necessary elements of 122, save that number of prior violations of our expert. Did your expert report show that the experts were competent? Isn't that one of the requirements? It does, and competency is specifically defined in 2926.115. And it specifically requires that the expert be board certified in the same area or field of the medical professional in which you're suing, in which our expert report does show that. And it also requires that the person or the expert follow what we consider in the state of Tennessee the contiguous state rule, that he's licensed to practice that field of medicine in a state that borders the state of Tennessee. And these expert reports did show that the experts met the contiguous requirement or locality rule? Sure, it shows that he's board certified in the same area of the defendant in the state of Tennessee, which satisfies the contiguous state rule under, again, I believe 2926.115, the Tennessee Code. So your second argument, even if you were to lose the first one, is that you should be allowed to amend your complaint? Correct. And I think that this is a natural outgrowth of the United States Supreme Court experience that sort of has its original seed, if you will, in the Hanna decision and updated by a plurality opinion of Shady Grove, which both are cited in our brief. The Sixth Circuit has not explicitly addressed the plurality opinion in Shady Grove. There's Justice Scalia's, what I would consider, I think, is the prevailing rule that focuses on the nature of the federal rule in question as to whether or not it should be applied in contrast to a potentially competing and contrary state substantive law. Suppose the state of Tennessee said that it really hates medical malpractice cases and therefore the substantive purpose of this good faith certificate requirement is to weed out frivolous medical malpractice cases. And therefore, hypothetically, the state of Tennessee says we're going to insist that the first filing have this good faith certificate in it. Would we then be able to take your position that we should apply Hanna and Shady Grove and say that you would have a right to amend under Rule 15 of the Federal Rules of Civil Procedure? I think that's a very good question and I think that my position would be particularly harder if it wasn't clear that we had clearly consulted with a qualified expert under 115 and did not submit that expert report with the complaint. That was the same situation, was it not, as in Lytton? I believe so, but I believe that the most recent... And that was rejected in Lytton. Yes, I believe that it was, but I also believe that Lytton relied at least in part on the fact... Well, a fair point, and I think that there are competing federal court rules and decisions on this particular point. But not in Tennessee. Sure, but certainly on the applicability of state medical malpractice reform statutes in their application in federal court under the Shady Grove and Hanna standards. The Lytton decision, I believe, was a Middle District of Tennessee opinion that admittedly came out the other way. Was Lytton appealed to this court? Not that I'm aware of, Your Honor. And so I'm certainly admitting that we are requesting that the court at least tacitly overturn the Lytton decision in its holding here. I also think that on some level Lytton may also be distinguishable on the fact that, again, here we have evidence with the original complaint that the plaintiffs consulted with the expert. And so we're not seeking an ability to redo and make sure that our complaint had merit. We clearly did that prior to filing our complaint. We had two expert reports that we filed with the complaint, actually. And so if the purpose of Section 122 is to ensure that plaintiffs before filing medical malpractice suits in the state of Tennessee consult with an expert to make sure that those cases have merit, then I think that we have a right to amend our complaint to bring it in strict conformity with 122 given the procedural nature of Rule 15. Isn't it a little bit odd to say you're amending the complaint when what you were talking about is an attachment to the complaint? Certainly, and I think that under the federal rules we're allowed to amend the pleading or part of a pleading. And I would submit to this court that an attachment to your complaint is a part of a pleading as defined under Rule 15. And the part of Rule 15 that you're invoking is the part that allows you automatically to amend within, what is it, 21 days of the filing of the motion to dismiss? Certainly we are seeking that right, but certainly I think that to the extent that the court determines that we have to proceed under the liberal amendment standards of Rule 15, that we should be permitted to do so in this instance. I see that my time is up, so I will hand it over to the United States government. Do you reserve time for rebuttal? I reserve three minutes, I think. Thanks very much. May it please the court. Sushma Soni for the United States. If the plaintiff does not have a cause of action under Tennessee law, then she does not have one under the FTCA. And she does not have one under Tennessee law. We know this because the Myers decision of the Tennessee Supreme Court says that the filing of a certificate under 122 is mandatory and not subject to substantial compliance. And we also know this because most recently in the 28-J letter we sent to this court in Dennis v. Smith, on facts almost identical to the facts in this case, the Tennessee Court of Appeals said that in fact it was not the filing of a certificate for purposes of Section 122 when the plaintiff filed an expert report. The plaintiff argued in that case, but my expert report contained more information, better information than would have been contained in a certificate. And the Tennessee Court of Appeals said that is immaterial. You did not file a certificate. So your position is that the item that has to be filed by the plaintiff is what your administrative office in Tennessee calls the certificate of good faith, I think. And only that document. Nothing else. No, Your Honor. The case law says that you can either use this form, which the legislature actually ordered the administrative office of the courts to devise for the convenience of the parties, or you can devise your own certificate, but it has to be a certificate. What is missing from the expert reports that should have been in a self-devised certificate? Everything. Well, be specific if you want. Yes. A certificate is a certification by the plaintiff, if pro se, or the plaintiff's attorney. So it is signed by the plaintiff's attorney, and it says that he conducted a particular type of pre-suit investigation involving consulting with an expert, who then provided a signed written statement to him, which is not then disclosed in court. It is not subject to discovery. He retains it, and in that written statement, the expert, who is competent under Section 115 of the same Medical Malpractice Act, So there is an averment there by the plaintiff's counsel that that individual was 115 compliant, and that individual agreed that there was a good faith basis for the medical malpractice claims that were to be asserted in the complaint, but that would be the basis for the suit. It doesn't reference the complaint. And also, the plaintiff or his counsel must affirmatively state, if they have had previous violations of Section 122, they have to state how many. We now know from the Davis decision. That aside because of the Davis decision. Well, what the Davis decision says is, if you use the form and you leave it blank, then under a strict reading of the text of the statutory provision, it is understood that leaving it blank means zero. So that case, contrary to what the plaintiff has said, that Davis case, Davis v. Eibach, is not about substantial compliance about the contents. I mean, and we have to keep in mind, the difference with Davis is there was a certificate filed in that case. The only thing that was missing was. What is the meaning of the Myers case is when it says, we need not decide whether the statute's requirements as to the content of the notice and the certificate of good faith may be satisfied by substantial compliance. It means that you have to file a certificate or you're out, because that is what happened in Myers. It also means that once you have filed that certificate, for instance, one that you have devised yourself that says certificate of good faith at the top, but perhaps it says, I consulted with an expert who orally confirmed that these claims have a good faith basis. So an oral confirmation would not be sufficient. Perhaps this hypothetical certificate would not say anything about Section 115 compliance competency of the expert. Perhaps in the situation where the plaintiff's counsel had in fact violated Section 122 before, if he omitted that information from the certificate, again, all of those would be. How could that be substantial compliance if you omit the fact that you violated it? No, no, no. Oh, I'm sorry, Your Honor. Perhaps I misunderstood. I thought you were saying what would be the kinds of things that could be omitted, and that's what I was addressing. What I'm trying to figure out is why isn't what the plaintiffs did here substantial compliance? Because they didn't. You don't even, Your Honor, you don't even get to substantial compliance until you filed a certificate. They didn't call it certificate. They called it expert reports, but labels shouldn't matter. They matter to the Tennessee courts, and they matter to the legislature, and here's why. The expert report, as you observed, is simply a statement by the expert. It is no representation by the counsel, and part of the point- Isn't there Rule 11, Federal Rules of Civil Procedure, obligation on the part of counsel when they're attaching an expert report that there is a basis for what they are supplying to the court? Rule 11 is actually not at issue here. Plaintiff did not argue that there was some kind of conflict with Rule 11. I'm trying to understand what really is at issue, and arguably it seems like it is harping on a technicality. Your Honor, perhaps it would be helpful for me to explain what the legislature was trying to do. This is not simply a requirement of pre-suit investigation in order to weed out frivolous, meritless claims. It is certainly that, but it is also, as part of that, it is an accountability mechanism. It sounds like the legislature wanted to hold a lawyer's feet to the fire. That is exactly it. And they want to say, they decided in their, is that close? That is exactly it, Your Honor. And in our brief, we point out that there isn't a lot of legislative history to Section 122, but it's in our statutory section of our brief. And we reference that there was a state government report that came out before 122 was adopted, and it revealed that over 80% of the medical malpractice claims in Tennessee were resulting in no award of damages to the plaintiff. The legislature was concerned about this. And so they put into effect a rule or a requirement, a condition precedent, to the medical malpractice cause of action that was intended to reduce that and, as you say, to hold the attorney's feet to the fire. Because if the plaintiff is represented, then it is the attorney's obligation. And it worked. So the question that I had was, would the federal rules of civil procedure, Rule 11 obligations on a lawyer, meet the same kind of requirement? We're in a unique situation, which is a Federal Tort Claims Act claim as opposed to a standard state negligence case. I understand that the Federal Tort Claims Act borrows Tennessee law, and that's really where our issue is. But we are dealing with the Federal Rules of Civil Procedure as the rules governing the procedure in the federal courts. And why isn't Rule 11 enough of a protection to meet substantial compliance with the attestation that's required under the Certificate of Good Faith? Your Honor, under the FTCA, we don't look at whether there might be some other avenue. We look at whether this is part of substantive state law. And not only did plaintiffs say in his reply brief, I believe on page 14, yes, it is substantive, but this court has said it is substantive, has treated it as substantive. In what case are you referring to? All of them are cited in our brief. The Love case, the Burns case, the Daniels case, those are all FTCA cases in which Section 122 was applied. There are also diversity cases of this court. Strictly? Those are Reed v. Speck and Southwell. And which of these are published? None of them are published. It appears that the application of Section 122 was not controversial. It was just mentioned. Well, no, it was central to the holding. I mean, the decision in that case, it was unpublished, but there have been extensive discussions in published decisions in district courts, certainly, including the Williams case, where it has been, after extensive discussion, determined under an Erie-type analysis that, yes, Section 122 is substantive and must be applied in FTCA cases. And that result is consistent with the other appellate courts that have considered similar certificates of good faith, or sometimes they're called certificates of merit or affidavits of merit, that apply in other states. So those include the Third Circuit, the Chamberlain case, the Ninth Circuit, and the, I'm blanking on the third one, but at least there have been at least three appellate courts. It's important for me to keep in mind, I know Your Honor was concerned about the aspect in which it appears that we are focusing on a technicality. The statute was intended to have just this type of result, and that is why the legislature provided two avenues for curing the deficiency of failing to file the certificate of good faith with the complaint. One of them was the plaintiff could have argued extraordinary cause for failing to file. They did not do this. They could also have asked for an extension to file the certificate, and there they would only have had to show good cause, significantly less onerous a burden. They did not do that either. Do you suppose that there's a reason why someone wouldn't have filed this other than not knowing about the requirement? Yes. And, in fact, the statute contemplates that there are circumstances where the medical, the health care liability, the health care provider might have retained important records that would have made it impossible then to obtain a certificate of good faith, to prepare the certificate of good faith based on a written statement of the expert, because the expert wouldn't have sufficient information, and that's actually expressly one of the... You mean information that would have supported the cause of action? Yes, medical records. Right. And if that happens... The certificate requires counsel to certify that the expert has the records, that sort of thing? One of the... Well, obviously, in preparing the certificate of good faith, when you ask the expert to prepare a written signed statement, he has to have enough information, including the medical records, and if the health care provider refused to release them, then, of course, it would be impossible to prepare your certification. Release them to counsel? Yes. And, actually, that's part of the Section 121 notice provision, is part of that is not to get too much into that, because that really isn't an issue here, but part of that involves the provision of a HIPAA compliant notification to the medical provider so that they can release the records. So if you provide that notice in advance and they don't release the records, then it says in the statute that is one grounds for cure. We don't have that issue here. Oh, no, no. So one question. Assuming that you're correct on everything that you've said so far, why shouldn't the plaintiff have a right to amend the complaint under Rule 15? Well, Rule 15 applies only to the amendment of pleadings. And this is an attachment to a pleading. So the plaintiff hypothetically would amend the complaint to attach the proper certificate. In fact, I would argue it is not an attachment. And the way you can tell this is because when you look at the structure of Section 122, you see that this requirement of the certificate applies not only against plaintiffs but also against defendants, so that if defendants wish to allege in their answer liability on the part of a non-party, if they make that allegation, they must also file a certificate of good faith, and they have 30 days to do it, which means that the legislature conceived of this as a separate document, not an attachment to any pleading. This becomes even more clear when you look at the way that it was enacted in 2008. Initially, this certificate could be filed at any point within 90 days of the complaint. The next year, they tightened that time frame up because they wanted to have more of an impact on screening out these meritless cases. Now, I would spend just a few more minutes about the lack of a conflict with Rule 8 and Rule 26, if the Court is interested, but we do go into that in extensive detail in our brief. So if the Court had no questions on that, we could rest on the brief on that, because I see my time is almost up. I think we're fine. We ask that the Court affirm the decision of the District Court. Thank you. Just very quickly, I want to correct what I believe was a statement by counsel where she claimed that under Tennessee Code 2926.122, a plaintiff or plaintiff's counsel is required to sign the certificate. I think a fair reading of the statute only requires that the plaintiff or plaintiff's counsel file with the complaint the certificate, not that they sign and file with the complaint the certificate. I think that that distinction is particularly important here. What makes it a certificate then? We're told that it's a certification by counsel. Well, again, if a certificate is only a certificate if it says at the top that it's a certificate. No, no, that's not my question. There's a certification involved, which would be a signature by counsel. That's what we're told. Well, the certificate of merit requires that the plaintiff or plaintiff's counsel certify that they got a written statement from an expert. And that. I mean, that's not it. And that the expert qualifies under 1115 and that the number of prior violations of the statute must be disclosed. The form, though, does have a signature line for counsel. The form does have a signature line of counsel. And so do you, in terms of strict compliance, do you say that that's just surplusage, that it would be easily ignored by counsel and still comply? Certainly, and I think that that goes to the overarching point of the issue before this court, is that if the purpose of Section 122 is to allow defendants to play gotcha with meaningless failures for technical compliance with the statute, then certainly plaintiff has a problem in this case. But if the purpose of Section 122 is to ensure that cases that allege medical negligence that are moving through courts in the state of Tennessee have merit, then certainly filing with the complaint the very expert report contemplated by 122 should be able to satisfy that requirement. And I would submit to this court that the post-Meyers Tennessee Supreme Court jurisprudence makes abundantly clear that we're not trying to play gotcha, that we're trying to get to substantial compliance with the statute should be sufficient so long as the defendant is not prejudiced by any technical failures. And how do you deal with the Dennis case, which your opponent argues that the filing of an expert report is not the filing of a certificate? Well, I would point the court to the Davis court, which expressly overturns all lower court of appeals decisions that dismiss complaints for failure to satisfy 122 for failure to disclose the number of prior violations, which is what that case in part ruled was the reason why they were not ruling that the expert report in that case satisfied 122 was because it failed to disclose the number of prior violations. So I would submit that the Tennessee Supreme Court Davis opinion would overturn that opinion as well. Thank you. Thank you. Thank you both for your argument. The case will be submitted. The court will take a brief recess.